UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL AND ORNAMENTAL IRON WORKERS
LOCAL UNION NO. 6; and

WILLIAM BOHEN, THOMAS J. HALLIGAN, PAUL P.
HOOLEY, JAMES J. WILLIS, JR., JAMES C. LOGAN,
GEORGE MERKLING, MARK PATTON and DAVID
HOHL, as Trustees of IRON WORKERS LOCAL NO. 6
PENSION PLAN and IRON WORKERS LOCAL NO. 6
SUPPLEMENTAL MEDICAL AND S.U.B. PAY PLAN,
196 Orchard Park Road
West Seneca, NY  14224-2681; and

**ORDER GRANTING**
WILLIAM BOHEN, MARK DEBO, JOHN GAST, JERRY **DEFAULT JUDGMENT**
HALLIGAN, THOMAS J. HALLIGAN, GERALD          **TO PLAINTIFFS**
JONATHAN, JAMES C. LOGAN, SANTO TEDESCO
and JAMES J. WILLIS, JR., as Trustees of IRON
WORKERS LOCAL NO. 6 APPRENTICE AND
JOURNEYMAN RETRAINING FUND,                   Civ. No. 06-CV-0150 A/F
196 Orchard Park Road
West Seneca, NY  14224-2681; and

WILLIAM BOHEN, THOMAS J. HALLIGAN, PAUL P.
HOOLEY, JAMES J. WILLIS, JR., JAMES C. LOGAN,
GEORGE MERKLING, MARK PATTON and DAVID
HOHL, as Authorized Agents of THE IRONWORKER
MANAGEMENT PROGRESSIVE ACTION
COOPERATIVE TRUST,
1750 New York Avenue NW
West Lobby Washington, D.C. 20006
                                                  Plaintiffs,

         -against-

IRON FABRICATING, INC.
104 Autumnvale
Lockport, NY  14094
                                                  Defendant.

Plaintiffs secured an Entry of Default on April 17, 2006 in this case under the

Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq*. (hereinafter "ERISA")

and the Labor-Management Relations Act of 1947, 29 U.S.C. §185 (hereinafter the "Taft-

Hartley Act") and now move for default judgment. They have requested that judgment in the amount of $164,425.66 be entered against defendant, representing $96,896.85 in unpaid fringe benefit contributions; $10,736.08 in unpaid Union dues, $20,249.93 in interest on unpaid and late-paid fringe benefit contributions, $3,853.80 in unpaid contributions to the Iron Workers Employer Cooperative Trust Fund (hereinafter "IWECT"); $449.60 in unpaid contributions to the Upstate District Council of Iron Workers and Employers Association, Inc. Industry Advancement Fund (hereinafter "UIWEA"); $2,227.56 in interest on the unpaid Union Dues; $542.14 in interest on the unpaid IWECT and UIWEA contributions; $20,249.93 in lieu of liquidated damages, as authorized by Section 515 of ERISA, 29 U.S.C. §1145(c)(i); $2,225.00 in audit costs; and $6,994.77 in attorney fees and costs associated with bringing this action. Upon the undersigned's review of the Complaint and the Affirmation of Robert L. Boreanaz, Esq. and Affidavit of Joseph Barnashuk submitted with this motion, together with the documents annexed thereto, it is determined that Plaintiffs are entitled to judgment in an amount of $164,425.66.

Preliminarily, the undersigned notes that plaintiffs are entitled to default judgment only if both procedural and substantive requirements are met. In this action, plaintiffs have satisfied all such procedural requirements, as set forth in Rule 55(b) of the Federal Rules of Civil Procedure and in Rule 55(b) of this Court's Local Rules of Civil Procedure and, because defendant has not opposed the plaintiff's motion for a default (either on papers or by appearing), and because the factual allegations of plaintiffs' Complaint are taken as true, the substantive prerequisites to obtaining a default judgment in an ERISA action are similarly met. Accordingly, default judgment will be entered against defendant.

Having determined that plaintiffs are entitled to default judgment, the undersigned now determines what amount of money damages are to be assessed. Pursuant to 29 U.S.C. §1132(g)(2), in any action by a fiduciary for or on behalf of a plan to enforce 29 U.S.C. §1145[1] in which a judgment in favor of the plan is awarded, the court shall award:

"(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of ---

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (a),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate."

In support of their calculation showing $96,896.85 due in unpaid fringe benefit contributions, the plaintiff trustee fiduciaries have submitted copies of the applicable Remittance Reports and an Auditor's Report. (See Affidavit of Joseph Barnasuk, filed in this Court on April 26, 2006 (hereinafter referred to as "Barnashuk Affidavit"), Exhibits G, H, I, L and M). The undersigned has determined that these submissions establish that Defendant is liable to Plaintiffs Trustees of the IRON WORKERS LOCAL NO. 6 PENSION PLAN and IRON WORKERS LOCAL NO. 6 SUPPLEMENTAL MEDICAL AND S.U.B. PAY PLAN AND

---

[1] "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. §1145

207949v1
23512.0226

3

Plaintiffs Trustees of THE IRONWORKER MANAGEMENT PROGRESSIVE ACTION COOPERATIVE TRUST (hereinafter the "Funds") for unpaid fringe benefit contributions in the amount of $96,896.85.

Pursuant to the collective bargaining agreement (hereinafter "CBA"), filed with the Complaint in this action (a copy of which is annexed as Exhibit B to the Barnashuk Affidavit), the Payment and Collections Procedures of Plaintiff Local 6 Funds, and 29 U.S.C. §1132(g)(2)(B) of ERISA, interest at 15% per annum is owed by the defendant from the date that the unpaid fringe benefit contributions were due. Based on the calculation summary, annexed as Exhibit J to the Barnashuk Affidavit filed in this Court on April 26, 2006, the undersigned has determined that the amount of interest owed by Defendant to Plaintiffs Funds, calculated through, April 18, 2006 on the above-referenced $96,896.85 in unpaid fringe benefit contributions is $11,731.90.

Pursuant to the CBA the defendant was required to withhold a certain percentage from the wages of all laborers who authorized in writing deduction of Union dues. Plaintiffs have established that there are Union dues of $10,736.08 due and owing to Plaintiff INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS LOCAL UNION NO. 6 (hereinafter "Local 6"), from Defendant, as set forth in the Barnashuk Affidavit, and as documented in Remittance Reports, the Auditor's Report and the calculation prepared by Mr. Barnashuk annexed to the Barnashuk Affidavit as Exhibits G through I, L and M, respectively.

Pursuant to the CBA, Defendant was required to make payments to the IWECT and UIWEA by the 15th day of the month following the month during which the work was performed. As set forth in the Barnashuk Affidavit, and Exhibits I, L, and M annexed

thereto, Defendant failed to pay UIWEA contributions in the amount of $449.60 and IWECT contributions in the amount of $3,853.80, and, accordingly, in indebted to Plaintiff Local 6 in the amount of $4,303.40 for the above-referenced unpaid contributions.

Further, Pursuant to the terms of the CBA and the Payment and Collections Procedures of Plaintiff Local 6 Funds (Barnashuk Affidavit, Exhibit C), as set forth in the Barnashuk Affidavit and Exhibits annexed thereto, interest at 15% per annum is assessed on delinquent dues check-offs, UIWEA contributions and IWECT contributions from the date due through the date paid.  Plaintiffs have established, through the calculation of interest due (Barnashuk Affidavit, Exhibit J), that Defendant is liable to Plaintiff Local 6 for interest in the amount of $2,227.56 and $542.14 for interest on the unpaid Union dues and UIWEA and IWECT contributions, respectively.

Pursuant to the terms of the CBA and the Payment and Collections Procedures of Plaintiff Local 6 Funds, Defendant was to make fringe benefit contributions and remit dues checkoffs by the 15th day of the month following the month during which the work was performed.  Further, pursuant to the CBA, the failure to make timely contributions to the Funds results in the imposition of interest at the rate of 15% per annum on late-paid contributions, calculated from the date due through the date paid.  Plaintiff's have established, through the Barnashuk Affidavit, together with the exhibits annexed thereto, that Defendant failed to timely pay employee fringe benefit contributions and dues check-offs for eighteen (18) of the monthly periods ending December 31, 2002 through November 30, 2005.  Based on the calculation summary annexed as Exhibit K to the Barnashuk Affidavit filed in this Court on April 26, 2006, the amount of interest owed

through April 18, 2006 on the late-paid fringe benefit contributions is $7,854.24, and the interest on the late-paid Union dues is $850.42.

Further, pursuant to the terms of the CBA, the Payment and Collections Procedures of Plaintiff Local 6 Funds and as authorized by 29 USC §1132 (g)(2)(C) of ERISA, Plaintiff Funds are entitled to judgment against Defendant of $7,854.24 in lieu of liquidated damages for Defendant's failure to timely pay fringe benefit contributions during the aforementioned periods.

The undersigned has also determined that Plaintiffs have established that Defendant is liable to Plaintiff Funds, pursuant to the CBA, for the costs of an audit of Defendant's books and records in the amount of $2,225.00.  (See Boreanaz Affirmation, ¶41; Barnashuk Affidavit, Exhibit O).

Finally, Plaintiff's have established that, pursuant to the CBA, the Collections Procedures of the Funds and Section 502(g)(2)(D) of ERISA, Defendant is liable to Plaintiffs Funds for the costs and attorneys fees associated with bringing this action. Plaintiff's have established, through the Affirmation of Robert L. Boreanaz, Esq., together with the contemporaneous time records of attorneys Eric T. Boron, Mark L. Stulmaker, Esq., Karen B. Feger, Esq. and Paralegal Francine Cecala annexed thereto, that the time expended in bringing this action is reasonable.  Plaintiff's have also established that the hourly rates charged for the legal work performed are reasonable. Accordingly, the undersigned finds that Defendant is liable to Plaintiff Funds in the amount of $6,588.00.  Further, Plaintiffs have established that the costs incurred by Plaintiff in bringing this action total $426.77.  They reflected, in part, extensive settlement negotiations between the parties which ultimately fell apart.  Inasmuch as the

23512.0226

6

undersigned finds that an award of $6,568.00 for attorney fees is reasonable, with concomitant costs of $426.77 being substantiated and reasonable, plaintiffs will be entitled to $6,994.77 in fees and costs.

Accordingly, it is hereby ORDERED that judgment by default shall be entered against Defendant and in favor of Plaintiffs Funds and Union in the amount of $164,425.66, consisting of the amounts as set forth above, and that this case shall thereafter be closed.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 16, 2006